**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **THE FISHER LAW GROUP, ET AL.,** | * |
|  | * |
| Plaintiffs, | * |
|  | * Case No.: GJH-15-338 |
| v. | * |
|  |  |
| **AARON GRAVES, ET AL,** | * |
|  |  |
| Defendants. | * |

\* * * * * * * * * * * * * *

**MEMORANDUN OPINION**

On September 25, 2014, the above-captioned matter was commenced in the Circuit Court for Prince George's County, Maryland by filing an Order to Docket Suit in the foreclosure of a deed of trust granted by Defendant Aaron Graves ("Graves") secured by real property located in Prince George's County in a case captioned *Fisher v. Graves*, No. CAEF14-25747 ("Foreclosure Action"). The Foreclosure Action is based on a state statute addressing deeds of trust, mortgages, and other liens in default. *See* Md. Code. Real Prop. Art. §7-105.1, *et seq*. On October 12, 2014, Graves was served with the Order to Docket Suit and all supporting papers, affidavits, and exhibits (*see* ECF No. 4-2) to enforce a deed of trust that had been in default since 2008. *See* ECF No. 4-3. It was not until February 5, 2012, however, that Graves removed the Foreclosure Action to this Court. *See* ECF No. 1. On February 13, 2015, Plaintiffs filed a motion to remand to the Circuit Court for Prince George's County, Maryland. *See* ECF No. 4. For the reasons stated more fully below, the Court will GRANT Plaintiffs' motion to remand.

1

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *see In Re Blackwater Sec. Consulting, LLC,* 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC,* 530 F.3d 293, 296 (4th Cir. 2008) (internal citation omitted). "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.,* 669 F.Supp.2d 624, 627 (D.Md.2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to 'demonstrat[e] that removal jurisdiction is proper.'" *Id.* (citing *Strawn v. AT & T Mobility, LLC,* 530 F.3d 293, 296 (4th Cir. 2008)). Here, Graves has not met his burden of demonstrating that removal was proper because, despite Graves' contention, the Court lacks both diversity jurisdiction and federal question jurisdiction.

District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 8 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, however, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted). Here, there is a lack of complete diversity as it is undisputed that Graves and several of the plaintiffs are from Maryland. Specifically, Plaintiffs Jeffrey Fisher, Doreen Strothman, Virginia Inzer, William Smart, and Kris Terrill are all citizens of Maryland.  *See* ECF No. 4 at 4. The parties therefore are not completely diverse. As a result, this action lacks diversity jurisdiction and removal based on diversity was improper. *See Mayes*, 198 F.3d at 461 ("the 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is

brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side").

The same is true of Graves' attempt to remove this case based on federal question jurisdiction. Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). This case involves no such causes of action; rather, this case is an *in rem* foreclosure proceeding arising under Maryland state law, involving property located in Maryland. *See Wells Fargo Home Mortg., Inc. v. Neal*, 398 Md. 705, 726 (2007) ("This 'power of sale' foreclosure is 'intended to be a summary, in rem proceeding' which carried out 'the policy of Maryland law to expedite mortgage foreclosures.'"). While Graves' notice of removal (*see* ECF No. 1) and opposition to Plaintiffs' motion to remand (*see* ECF No. 7) reflect that he *may* be contemplating filing counterclaims based on federal law, for removal purposes, the Court looks only to the complaint, or in this case, the order to docket suit, to determine whether a federal question is presented. *See Franchise Tax Bd.*, 463 U.S. at 10 ("For better or worse, under the present statutory scheme . . . a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)); *see also Martin Pet Products (U.S.), Inc. v. Lawrence*, 814 F.Supp. 56, 58 (D. Kan. 1993) (rejecting argument that damages requested in counterclaim may be considered in establishing amount in controversy because "[t]he counterclaim had not been filed at the time of removal and cannot serve as a basis for later establishing this court's jurisdiction"). Because the Foreclosure Action, as instituted by Plaintiffs, only involves a state law proceeding, and does not involve any federal

causes of action, the Court lacks federal question diversity. Removal on this ground was therefore improper.

Having failed to demonstrate this Court's jurisdiction over this matter, the Court must remand this action to the Circuit Court for Prince George's County, Maryland for further proceedings.[1] As such, the Court will GRANT Plaintiffs' motion to remand, ECF No. 4, and will DENY all other pending motions as moot. *See* ECF Nos. 8, 9, 15, 17. The Clerk shall CLOSE this case.

Dated: June 19, 2015                                             /S/
                                                                George J. Hazel
                                                                United States District Judge

---

[1] The Court also notes that Graves' removal of this case was untimely as he did not remove the case to this Court within thirty days of the initial pleading setting forth the claim for relief as is required by 28 U.S.C. § 1446 (b)(1). For this additional reason then, the Court will remand the case to the Circuit Court for Prince George's County, Maryland.